# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Marisol P.Q.,

    Petitioner,

v.

Pamela Bondi, et al.,

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO ENFORCE JUDGMENT**
Civil File No. 26-1055 (MJD/DJF)

John Hayden, Quantum Lex PA, Counsel for Petitioner.

David W. Fuller, Jesus Cruz Rodriguez, Trevor Brown, Assistant United States Attorneys, Counsel for Respondents.

## I.    INTRODUCTION

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Dulce J. Foster filed February 10, 2026 (Doc. 17) and Petitioner's Motion to Enforce Judgment (Doc. 24). Respondents have filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review of the Report and Recommendation upon the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court adopts the Report and Recommendation of

Magistrate Judge Foster. In addition, the Court grants Petitioner's Motion to Enforce Judgment.

## II.   BACKGROUND AND OBJECTIONS

The Report and Recommendation ("R&R"), which was filed February 10, 2026, recommends that Petitioner's verified petition for writ of habeas corpus be granted insofar as Petitioner be released from custody, in pertinent part, inside the state of Minnesota and "[w]ith **all** of Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys." (Doc. 17 at 11 (emphasis in original).)

As it turns out, Petitioner had been released prior to the R&R being filed, but before anyone notified the Court.

However, on February 11, 2026, Petitioner filed a status report in which she stated that she was concerned she could be detained again because since her release from custody, Respondents were requiring her to attend almost daily check-in appointments (i.e., three appointments in four days). (Doc. 19 at 1-2.) Petitioner asserted that the check-ins made it impossible for her to work or care for her grandchild. (Id. at 2.) She was separated from her interpreter during at least one of these check-in meetings. (Doc. 20 ¶ 7.) In addition, Petitioner was released without any of her personal belongings. (Doc. 19 at 2.)

2

On January 12, 2026, the Court ordered that: 1) neither Respondents nor their employees could take Petitioner into custody or move her out of Minnesota; 2) all conditions on Petitioner's release had to be removed; and 3) Respondents had to return all Petitioner's personal belongings and documents on or before 12:00 p.m. Central Time on February 13, 2026.  (Doc. 21.)

Also on February 12, Respondents filed objections to the R&R.  (Doc. 22)  Respondents argued that Petitioner's petition is "moot because Petitioner was released from custody two days before the R&R was issued."  (Id. at 1; Doc. 22-1 (Pet. detention record).)

In support of their objections, Respondents filed the declaration of St. Paul ICE Deputy Field Office Director Tauria Rich, who explained "the process for managing detainees' property and documents and ICE efforts to comply with any court order regarding the handling and return of an alien's property or documents."  (Doc. 23 ¶ 4.)  Director Rich's declaration is not meant to address the specific circumstances of this, or any other case.  (Id.)  After describing how the process is supposed to work, Director Rich attests that if property is lost, detainees can fill out a standard form to recover monetary damages.  (Id. ¶ 12.)

3

On February 13, Petitioner filed a Motion to Enforce Judgment.[1]  (Doc. 24.) Petitioner's counsel, John Hayden, attests that at 1:00 p.m. on February 13, 2026, he went to the Whipple Federal Building to retrieve Petitioner's belongings that the Court ordered Respondents to return.  (Doc. 25 ¶ 2.)  Enforcement and Removal Operations ("ERO") personnel returned everything except Petitioner's passport.  (Id. ¶¶ 5, 10-11.)  When asked if the passport might have been retained under a separate file, ERO personnel told Mr. Hayden that he would have to submit a FOIA request for that information.  (Id. ¶ 11.)  Mr. Hayden believes Petitioner's passport is still in the Whipple Building.  (Id. ¶ 13.)

### III. DISCUSSION

#### A. Objection to the Report and Recommendation

Respondents object to the R&R on the grounds that the petition is now moot because Petitioner has been released from custody.  (Doc. 22 at 1.)  The Court will overrule this objection.

Throughout the litigation of this case, Respondents have been willfully blind as to the relief Petitioner seeks.  Of course she wanted her liberty.  She was

---

[1] The Court notes that this motion is inaccurately titled.  The Court has not yet entered judgment in this case.  That being said, the Court will continue to refer to this motion by the title it had when it was filed.

4

being detained in violation of due process.  That was obvious.  But Petitioner also wants to be made whole.

Petitioner's Columbian passport is an important legal document that will likely be difficult, if not impossible, to replace given her current status as an asylum-seeker in this country.  Accordingly, monetary compensation as suggested by Director Rich is an insufficient remedy here.  Likewise, the suggestion that she embark on a lengthy FOIA process when no one who was responsible for Petitioner's property while she was in custody even attempted to look for the passport just rewards laziness.  (See Doc. 25.)

This objection is overruled.

### B. Objection to the Discovery Order

Respondents object to the motion for expedited discovery because it is "overly burdensome and outside the scope of habeas corpus relief." (Doc. 22 at 1.)  They provide no support for this statement and do not take issue with anything specific in the discovery order.  Respondents further state that Petitioner's discovery request is moot because Petitioner has already been released from custody into Minnesota.  (Id.)

To the extent Respondents mean to object to the conclusions in Judge Foster's discovery order, the Court overrules the objection.  Nothing in the order

5

is clearly erroneous or contrary to law. See D. Minn. LR 72.2(a)(3)(A). The order is well-tailored to obtain the type of information that will assist the Court and Petitioner to understand just what happened in this case.

Moreover, the ends do not justify the means. Respondents cannot release a petitioner as a quick way to cure constitutional violations and avoid answering tough questions. This is no cure at all, especially when Respondents still have Petitioner's passport. Petitioner is entitled to understand just how ICE could lose both her and her passport during her detention. (See, e.g., Docs. 5 at 2; 24 at 1-2.)

### C. Petitioner's Motion to Enforce Judgment

In this motion, Petitioner asks the Court 1) to order Respondents to "retrieve Petitioner's passport themselves and deliver it to counsel of record," and 2) to issue an order to show cause why Respondents should not be held in contempt for their willful failure to comply with the February 13, 2026 deadline to return Petitioner's passport. (Doc. 24 at 2-3.)

For the reasons discussed above, the Court will grant the motion.

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Dulce J. Foster filed February 10, 2026. **[Doc. 17.]**

2. Petitioner Marisol P.Q.'s Verified Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED in part and DENIED in part**.

   a. Respondents are ordered to conduct a meaningful search for Petitioner's passport, document the steps they have taken to find the passport, and return the passport to Petitioner's counsel on or before the Show Cause Hearing on February 24, 2026;[2]

   b. Petitioner is ordered to file a status report in CMECF if Respondents return the passport prior to the Show Cause Hearing. In the report, Petitioner should inform the Court if the February 24, 2026 Show Cause Hearing should be canceled;

   c. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted; and

   d. The remainder of Petitioner Marisol P.Q.'s Petition is **DENIED without prejudice**.

3. Petitioner's Motion to Enforce Judgment **[Doc. 24]** is **GRANTED**.

   a. Respondents are ordered to conduct a meaningful search for Petitioner's passport, document the steps they have taken to find the passport, and return the passport to Petitioner's counsel on or before the Show Cause Hearing on February 24, 2026;

---

[2] This modification of the R&R accounts for changed circumstances since Magistrate Judge Foster filed her recommendations.

b. Respondents are ordered to appear at a hearing at 2:00 p.m. Central Time on February 24, 2026 at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 to show cause why they should not be held in contempt for failing to comply with the Court's February 13, 2026 deadline to return Petitioner's passport; and

c. Petitioner is ordered to file a status report in CMECF if Respondents return the passport prior to the hearing.  In the report, Petitioner should inform the Court if the February 24, 2026 Show Cause hearing should be canceled.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 18, 2026                    s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court